UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| RODNEY G. ANDERSON, | No. 2:07-cv-01205-MCE-GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| AKAL SECURITY, INC., UNITED STATES MARSHALS SERVICE, | |
| Defendants. | |

Plaintiff Rodney Anderson ("Plaintiff") brought this action against AKAL Security, Inc. ("AKAL"), and the United States Marshals Service ("USMS") seeking damages and declaratory relief based on a breach of contract claim related to Plaintiff's termination as a Court Security Officer ("CSO") in the Eastern District of California Courthouse in Fresno, California.

///
///
///
///

1

Defendant USMS moves to dismiss the Second Cause of Action in Plaintiff's Complaint on the basis of lack of subject-matter jurisdiction, failure to state a claim, and sovereign immunity. For the reasons set forth below, Defendant USMS' Motion to Dismiss is granted.[1]

**BACKGROUND**

Plaintiff was employed by AKAL beginning September 25, 2000, and ending November 30, 2005, when Plaintiff was terminated because he failed to meet the medical qualifications required for his position. AKAL contracts with the USMS to provide CSOs to the Eastern District of California courthouse in Fresno, California. Plaintiff was employed as a CSO and his contract required him to meet the qualifications of all United States Marshals working as CSOs in the district court. The agreement requires that a CSO undergo annual medical evaluations and meet minimum standards in order to continue employment as a CSO the following year.

Plaintiff underwent the annual medical evaluation for fiscal year 2005 on October 6, 2004, during which he was required to provide supplemental medical information and documentation. Plaintiff alleges he submitted the necessary information and received no further requests for additional documentation.
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

2

Plaintiff alleges he incurred substantial costs from the evaluations necessary to obtain the additional information and that he has not been reimbursed for those expenses.

Plaintiff further alleges that AKAL failed to forward the requested medical information and documentation to the USMS as was necessary to continue employment as a CSO. As to the USMS, Plaintiff alleges that the USMS unreasonably delayed requesting additional medical information, improperly refused to process Plaintiff's medical documentation for 2005, and improperly removed Plaintiff from his position.

Plaintiff's Complaint alleges a cause of action for injunctive and declaratory relief against the USMS. The USMS now moves to dismiss that cause of action.

**STANDARD**

In moving to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject-matter jurisdiction on a factual basis ("factual attack"). Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891.

///

3

1 If the motion constitutes a factual attack, however, "no
2 presumptive truthfulness attaches to plaintiff's allegations, and
3 the existence of disputed material facts will not preclude the
4 trial court from evaluating for itself the merits of
5 jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting
6 Mortensen, 549 F.2d at 891).

7 If the Court grants a motion to dismiss a complaint, it must
8 then decide whether to grant leave to amend.  Generally, leave to
9 amend should be denied only if it is clear that the deficiencies
10 of the complaint cannot be cured by amendment.  Broughton v.
11 Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

## ANALYSIS

The district courts do not have jurisdiction to entertain suits against the United States except where Congress has waived sovereign immunity. Luckenbach Steamship Co. v. United States, 272 U.S. 533, 536 (1926). The Tucker Act gives the United States Court of Claims jurisdiction over "any claim against the United States founded...upon any express or implied contract with the United States." 28 U.S.C. § 1346(a)(1). The Court of Claims has concurrent jurisdiction with the district courts for actions claiming less than $10,000. Id. The Tucker Act is a limited waiver of sovereign immunity, allowing limited remedies in actions on government contracts. North Side Lumber Co. v. Block, 753 F.2d 1482, 1485 (9th Cir. 1985).

///
///

1  The Tucker Act permits the Court of Claims and the district
2  courts to grant monetary damages against the government in
3  contract actions but does not permit a grant of equitable relief.
4  United States v. King, 395 U.S. 1 (1969).  Declaratory relief is
5  not an available remedy under the act.  North Side Lumber Co.,
6  753 F.2d at 1485.  The Tucker Act also expressly provides that
7  the district courts lack jurisdiction over claims, such as
8  negligence which "sound in tort."  28 U.S.C. § 1346(a)(2); Miller
9  v. United States, 67 Fed. Cl. 195, 199 (Ct. Cl. 2005).
10      Plaintiff's complaint is based upon his employment contract
11 with Defendant AKAL, and the obligations of Defendant United
12 States Marshals Service in its contract with AKAL.  However,
13 Plaintiff's Second Cause of Action is the only action seeking
14 relief from the United States Marshals Service.  In the Second
15 Cause of Action, Plaintiff seeks declaratory relief from the
16 United States Marshals Service, namely that its handling of
17 Plaintiff's medical documentation and evaluation was contrary to
18 the CSO contract, and that Plaintiff should not have been
19 removed.  The United States Marshals Service is an agency of the
20 United States government, and therefore has sovereign immunity
21 unless that immunity is waived.  Under the Tucker Act, such a
22 waiver is limited to actions seeking monetary relief.  The Tucker
23 Act does not waive sovereign immunity for actions seeking
24 declaratory relief, and therefore, this Court lacks subject-
25 matter jurisdiction to hear Plaintiff's claim against the United
26 States Marshals Service.
27 ///
28 ///

1    Based on the facts as pleaded in the Complaint, the Court
2 lacks subject-matter jurisdiction to hear the claim for
3 declaratory relief and it is therefore dismissed pursuant to Rule
4 12(b)(1). However, because it is not clear that the deficiencies
5 of the complaint cannot be cured by amendment, the claim is
6 dismissed with leave to amend.

**CONCLUSION**

10   Based on the foregoing, Defendant United States Marshals
11 Service's Motion to Dismiss Plaintiff's Second Cause of Action is
12 GRANTED.  Plaintiff is granted leave to amend, and the proposed
13 Second Amended Complaint filed on September 11, 2007 (see Exhibit
14 1 to the Opposition to this Motion) is deemed properly filed as
15 of the date of this Order.  Defendant is ordered to respond to
16 the Second Amended Complaint in accordance with the Federal Rules
17 of Civil Procedure and the Local Rules of the Eastern District of
18 California.
19   IT IS SO ORDERED.

Dated: January 15, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE