UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY GENE ANDERSON, | No. 2:07-cv-01205-MCE-GGH |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| AKAL SECURITY, INC., UNITED STATES MARSHALS SERVICE, | |
| Defendants. | |

----oo0oo----

Rodney Gene Anderson ("Plaintiff") brought this action against Akal Security, Inc. ("Akal"), and the United States Marshals Service ("USMS") after he was terminated from his position as a Court Security Officer ("CSO") in courthouse for the United States District Court for the Eastern District of California, located in Fresno, California.  Plaintiff's Second Amended Complaint states two causes of action.  The first is for breach of contract against Akal; the second is for injunctive and declaratory relief against USMS.

///

1

This Court previously granted USMS's motion to dismiss the First Amended Complaint for lack of subject-matter jurisdiction, but allowed Plaintiff to file his Second Amended Complaint. USMS now moves to dismiss the Second Cause of Action for (1) lack of subject-matter jurisdiction, (2) failure to assert a cause of action for which relief can be granted, and (3) sovereign immunity.  For the reasons set forth below, USMS's Motion to Dismiss is GRANTED.[1]

**BACKGROUND**

The Court has previously set forth a factual background for this action in its Order of January 15, 2008, which is incorporated by reference and need not be reproduced herein. Mem. & Order, January 15, 2008.

**STANDARD**

In moving to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject-matter jurisdiction on a factual basis ("factual attack").
///
///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. The court should "freely give[]" leave to amend when there is no "undue delay, bad faith[,] dilatory motive on the part of the movant, ... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment...." Fed. R. Civ. P. 15(a); Foman v. Davis, 371 U.S. 178, 182 (1962). Generally, leave to amend is denied only when it is clear the deficiencies of the complaint cannot be cured by amendment. DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992).

///
///
///
///
///
///

**ANALYSIS**

This Court previously dismissed Plaintiff's First Amended Complaint because it only alleged a cause of action for declaratory relief against USMS and the Tucker Act does not waive sovereign immunity for actions seeking declaratory relief. Mem. & Order, January 15, 2005. Plaintiff was permitted to file a Second Amended Complaint. That Second Amended Complaint alleges that USMS deprived Plaintiff of his protected property interest in his employment without adequate notice or an opportunity to be heard. The Second Amended Complaint still only alleges injunctive and declaratory relief against USMS.

District courts do not have jurisdiction to entertain suits against the United States except where Congress has waived sovereign immunity. Luckenbach Steamship Co. v. United States, 272 U.S. 533, 536 (1926). Sovereign immunity extends to both the United States as well as its agencies. FDIC v. Meyer, 510 U.S. 471, 475 (1994). As this Court found in the prior order, because USMS is an agency of the United States government, it enjoys sovereign immunity unless that immunity is waived.

The Tucker Act waives sovereign immunity and provides jurisdiction in the United States Court of Federal Claims over certain types of claims:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

///

28 U.S.C. § 1491(a)(1).  Under the Little Tucker Act, district courts have concurrent jurisdiction with the Court of Federal Claims for actions not exceeding $10,000.  28 U.S.C. § 1346(a)(2).  The Little Tucker Act does not authorize district courts to grant declaratory or equitable relief against the United States in contract cases, even where, as here, such relief is requested in an action brought under the Administrative Procedure Act.  <u>Price v. U.S. Gen. Serv. Admin.</u>, 894 F.2d 323, 324 (9th Cir. 1990); <u>see</u> 5 U.S.C. §§ 701-706.  District courts do, however, have jurisdiction to hear claims for equitable relief which rest "at bottom on statutory rights."  <u>North Side Lumber Co. v. Block</u>, 753 F.2d 1482, 1485 (9th Cir. 1985).

The determinative question is thus whether Plaintiff's claims are "founded ... upon [a] ... contract with the United States," 28 U.S.C. § 1346(a)(2), or instead upon separate statutory rights.  The cause of action for injunctive and declaratory relief is based on the medical disqualification and subsequent dismissal of Plaintiff as a CSO.  The terms of the Contract controlled the employment relationship between Plaintiff and USMS.  Although Plaintiff frames the claim as a Fifth Amendment deprivation of a "protected property interest" "without adequate notice, hearing, or any opportunity to be heard," (Compl. 6:25-27), the alleged deprivation resulted when USMS acted pursuant to its Contract.  <u>See</u> Demas Decl. in Supp. of Mot. for Summ. J. Ex. I ("[A] CSO can be determined unsuitable at any time for medical reasons.").  The cause of action is therefore founded upon a contract.

///

Because the claim is founded upon a contract and because Plaintiff has still failed to allege a waiver of sovereign immunity, this Court lacks subject-matter jurisdiction. Accordingly, Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1) is GRANTED.

This Court has previously dismissed Plaintiff's Second Cause of Action for lack of subject-matter jurisdiction because Plaintiff failed to allege that USMS waived sovereign immunity. However, Plaintiff was granted the opportunity to cure the deficiencies of his pleadings. Mem. & Order, January 15, 2008. Because Plaintiff was unable to cure the deficiencies in his pleading, his Second Cause of Action is dismissed with prejudice.

**CONCLUSION**

Based on the foregoing, USMS's Motion to Dismiss Plaintiff's Second Cause of Action as to the USMS is GRANTED and Plaintiff's Second Cause of Action is dismissed without leave to amend.

IT IS SO ORDERED.

Dated: June 11, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE